UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiff,　　　　　　　　　:　　　**MEMORANDUM AND**
　　　　　　　　　　　　　　　　　　　　　　　:　　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　　:
　　　-vs.-　　　　　　　　　　　　　　　　　:　　　02-CR-1236 (LBS)
　　　　　　　　　　　　　　　　　　　　　　　:
JOHN RIGAS, et al.,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendants.　　　　　　　　:
------------------------------------------------------x

SAND, District Judge:

　　　　Defendants John J. Rigas and Timothy J. Rigas have moved to compel production of notes taken by prosecutors during interviews with potential witnesses prior to trial in this case. Specifically, defendants claim that they are entitled under Brady v. Maryland, 373 U.S. 83 (1963), to notes from interviews with Carl Rothenberger, Adelphia's lead securities lawyer, and other witnesses. For the reasons discussed below, defendants' motion is denied.

　　　　First, the defendants' motion argues that with respect to Rothenberger, the Brady material produced by the government before trial was insufficient. In contrast, the government contends that its identification of Rothenberger complied with the requirements under Brady. The statute codifying its disclosure obligations states, "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case*." 18 U.S.C.S. § 3500 (emphasis added). Thus, because Rothenberger was not

called as a witness at trial, the government had no statutory obligation to turn over his statements or the government's notes.

Further, the government's obligation to produce exculpatory material under <u>Brady</u> does not include the notes that the defendants seek. <u>Brady</u> does not require the government to turn over exculpatory evidence "if the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory evidence." <u>United States v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987), <u>cert. denied</u>, 482 U.S. 929 (1987). The <u>Brady</u> rule is designed to "assure that the defendant will not be denied access to exculpatory evidence only *known to the Government*." <u>United States v. LeRoy</u>, 687 F.2d 610, 619 (2d Cir. 1982) (emphasis added), <u>cert. denied</u>, 459 U.S. 1174 (1983). The government must disclose only "information which had been known to the prosecution but unknown to the defense." <u>United States v. Agurs</u>, 427 U.S. 97, 103 (1976); <u>United States v. Grossman</u>, 843 F.2d 78, 85 (2d Cir. 1988).

The cases cited by defendants do not alter this proposition. <u>United States v. Rodriguez</u>, relied on in defendants' briefs, stands for the proposition that when a defendant has no knowledge of certain <u>Brady</u> information, the government's disclosure must be "sufficiently specific and complete." <u>United States v. Rodriguez</u>, 496 F.3d 221, 226 (2d Cir. 2007). The <u>Rodriguez</u> Court specifically notes that this proposition is based on the fact that without the disclosure, "defendant was left to gamble on what witness would say." <u>Id.</u> Similarly, in <u>Leka v. Portuondo</u>, the Court explicitly noted that "[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." <u>Leka v. Portuondo</u>, 257 F.3d 89, 100 (2d Cir. 2001).

Defendants knew of Rothenberger's existence, his role at Adelphia, and the facts on which he could testimony, thus, the government's Brady obligation was satisfied here. Defendants' own argument is underlied by their assertion that the government's identification of only one issue on which Rothenberger possessed exculpatory information "effectively nullified" their information on what his testimony would be. (Defs. Reply Br. at 6). This argument is flatly contradictory to the cases described above, which conclude that they government is not obligated to disclose information that defendants' already know, and thus defendants' argument fails. Defendants' only cases to support this argument, furthermore, are from other jurisdictions and therefore not controlling.[1]

Second, defendants argue that interview notes must be produced for a number of other witnesses based on the fact that these witnesses gave exculpatory testimony in the subsequent civil suit. However, defendants' brief in support of their Rule 33 motion documented their attempts to speak with these witnesses, and thus they cannot claim now that they were unaware of these witnesses' identities. As this Court noted in its November 20, 2007 Opinion, the Rigases did not take any steps to procure testimony from these witnesses, such as seeking immunity for the witnesses or subpoenaing them, and thus cannot now backtrack and claim that they were unaware of these witnesses' identities. (See Opinion Nov. 20, 2007, p. 9-10). Thus, defendants' claims regarding other witnesses are denied.

Finally, defendants argue that they are entitled to notes from interviews conducted by the SEC during its civil investigation of the conduct at Adelphia. However, the

---

[1] The two Supreme Court case defendants cite in footnote 6 of their reply brief are inapplicable here. Both deal with situations where the government complies with Brady under a specifically discussed "open file" policy, which did not occur here.

United States Attorney's Office is not obligated to produce documents that are not within its "possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). Here, there was no joint investigation with the SEC, and the United States Attorney's Office cannot be obligated to produce documents in the custody of the SEC. SEC v. Standard, 2007 WL 1834709, at *3 (S.D.N.Y. 2007) (noting that respective investigations by two government agencies, "while they may have overlapped, were not conducted jointly, and that the SEC has neither possession, custody, nor control of the FBI's notes."). Thus, defendants' argument fails with respect to this claim as well.

## IV. Conclusion

For the reasons stated above, defendants' motion is DENIED.

SO ORDERED.

Dated: New York, New York
January 15, 2008

U.S.D.J.